**LIENXIN LIU–CHUNG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72774.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 20, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vaughan de Kirby, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joanne E. Johnson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Lienxin Liu–Chung, a native of Vietnam and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of her application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the BIA's decision that petitioner failed to show past persecution or a well-founded fear of future persecution. Because petitioner was never arrested, detained, threatened, or harmed based on her Falun Gong practice, and there was no evidence that the government was aware that she was a Falun Gong practitioner, petitioner fails to establish an asylum claim. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003); *see also Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Because petitioner failed to establish eligibility for asylum, it follows that she failed to establish eligibility for withhold-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 316–3.

ing of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence also supports the BIA's denial of CAT relief because petitioner failed to show that it was more likely than not that she will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**